# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING

**ROCCI WADE,**

        Petitioner,

**v.**

        **Civil Action No.: 5:15-CV-80**
        **Criminal Action No.: 5:13-CR-30**
        **(BAILEY)**

**UNITED STATES OF AMERICA,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On June 29, 2015, Petitioner Rocci Wade ("Petitioner" or "Defendant"), acting *pro se*, filed a Motion [ECF No. 234] under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[1] (the "Petition"). On February 23, 2016, the Court entered an Order [ECF No. 271] Directing Respondent to Answer the Petition. On April 21, 2016, Respondent filed its Response [ECF No. 279] to the Petition. Subsequently, on May 18, 2016, Petitioner filed a motion [ECF No. 282] to extend time to reply, which was granted by this court on June 2, 2016.  ECF No. 283.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that Petitioner is

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the docket of Criminal Action No. 5:13-cr-30.

not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing. For the reasons set forth below, the undersigned recommends that the Petition and Pro Se Motion be denied.

## II.   BACKGROUND

### A.   Conviction and Sentence.

On July 9, 2013, a nineteen (19) count indictment was returned against the Petitioner and four codefendants, Diane Savage, Julia Joseph, Alisha Letts, and Roque Garcia. Indictment, ECF No. 1. Petitioner was initially charged in Counts One, Fourteen, Fifteen and Nineteen, but Counts Fourteen and Fifteen were subsequently dismissed by the government. ECF No. 143, 189. Count One charged Petitioner with conspiracy to possess with intent to distribute and to distribute oxycodone, and Count Nineteen charged Petitioner with distribution of oxycodone. ECF No. 1

On January 29, 2014, a jury trial was held before United States District Judge John Preston Bailey on Counts One and Nineteen of the Indictment. The trial lasted a total of three days. On January 30, 2016, the jury returned a verdict of guilty against Petitioner on Counts One and Nineteen of the Indictment. Jury Verdict, ECF No. 156

On April 15, 2014, a sentencing hearing was held before Judge Bailey. Petitioner was sentenced to 97 months on each count to run concurrently. Judgment, ECF NO. 189. That same date, Petitioner filed a Notice of Appeal. ECF No. 191.

### B.   Appeal

Petitioner asserted two claims on appeal (1) prosecutorial misconduct and (2) admission of witness testimony, allegedly violating Brady v. Maryland, 373 U.S. 83 (1963). Per curiam, ECF No. 209. The Fourth Circuit affirmed the District Courts rulings

with regard to those issues. Id. Subsequently, Petitioner filed a petition for *certiorari* to

the United States Supreme Court, which was denied on April 20, 2015.

## C.      Federal Habeas Corpus

On June 29, 2015, Petitioner timely filed a filed a Motion [ECF No. 234] under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal

Custody.   Petitioner contends that his trial counsel was ineffective for failing to:

1) Object to DEA Special Agent Christopher Barbour acting as a "summary/overview witness;"
2) Assert a violation of Fed.R. Crim. P. 16(c) and Brady by failing to disclose a "true" summary of expected testimony of a witness;
3) Object to "blatant witness tampering" by the Government;
4) Move for a sequestration order for the witnesses
5) Challenge the Government's comment on Petitioner's silence;
6) Move for acquittal on Count One (conspiracy) when the Government failed to produce any evidence of a conspiracy;
7) Advise the Petitioner of an "open guilty plea;"
8) Move to suppress an untimely phone tap;
9) Investigate defense witnesses, present any defense, and subject the Government's case to any adversarial testing.

Mot., ECF No. 234. The Government filed its response on April 21, 2016 and contends

as follows:

1) Counsel for Defendant did object to a portion of Agent Barbour's testimony arguing that is assumed facts not in evidence; however, the court overruled that objection. Additionally, Agent Barbour was used to authenticate transcripts of texts and telephone calls. Further, Diane Savage, Petitioner's co-defendant, testified at trial from personal knowledge regarding those communications which further undercuts Petitioner's claim.
2) Petitioner raises unfounded claims that the prosecution team tampered with witnesses' testimony. He asserts that witnesses lied on the stand when they said they did not discuss what happened in the courtroom. The credibility of a witness is a jury determination.
3) The trial court excluded witnesses from the courtroom. Although the Petitioner makes unfounded accusations, the testimony at trial was that the witnesses did not discuss the case with each other even though they rode to court together.
4) Defense counsel moved for a directed verdict on Count 1 (conspiracy) at the conclusion of the Government's case in chief and the Court denied the

motion.  Defense counsel renewed his motion for acquittal on Count 1 on February 13, 2014, which was again denied.  Petitioner is simply incorrect with his assertions.

5) Defense counsel was not deficient in his performance because there is no dispute that he conveyed and discussed the plea agreement that was offered. Additionally, Petitioner's argument that if had he entered an "open guilty plea." he would have been entitled to a reduction in sentence is speculative.

6) Agent Barbour testified that investigators sought and received a Title III wiretap order from Judge Clawges in Morgantown, West Virginia.

7) Defense counsel vigorously cross examined and re-cross examined the government's witnesses.  The strategic decision not to call witnesses and the Petitioner's choice not to testify was not outside the range of professional competence required.

### III.    DISCUSSION

### A.    Standard of Review for §2255 Petitions

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

### B.    Legal Standard for Ineffective Assistance of Counsel Claims

The United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the

defense." Id. These two prongs are commonly referred to as the "performance" and

"prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was

objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant

must show that "counsel made errors so serious that counsel was not functioning as the

counsel guaranteed . . . by the Sixth Amendment." Id. at 687 However, a reviewing

court does not "grade" the counsel's performance and a strong presumption exists that

the "counsel's conduct falls within the wide range of reasonable professional

assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing

court must not "second-guess" counsel's performance and must "evaluate counsel's

performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289

(4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the

conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized

that, if a defendant cannot meet the "prejudice" prong, then a reviewing court need not

consider the "performance" prong, and *vice versa*. Fields, 956 F.2d at 1297.

**C.     Analysis of Petitioner's Ineffective Assistance of Counsel Claims**
**1.     Ground Two-Brady Disclosure and Ground Five- Governments comment on Defendant's silence**

Petitioner argues that his Sixth Amendment right to effective assistance of

counsel was violated when his counsel failed to assert a violation of Fed. R. Crim. P.

16(c) and Brady by failing to disclose a "true" summary of expected testimony (ground

two) and when his counsel failed to challenge the Government's comment on Defendant's silence (ground five). ECF No. 234.  Respondent counters by arguing that grounds two and five for relief are barred due to the "mandate rule." ECF No. 279 at 6.

The mandate rule provides that issues decided by an appellate court, either expressly or impliedly, may not be re-litigated in a trial court. United States v. Bell, F.3d 64, 66 (4th Cir. 1993). However, certain exceptions to the mandate rule exist. See id. Specifically, a trial court may disregard the mandate rule if: (1) controlling legal authority has changed dramatically; (2) significant new evidence, which was not previously obtainable in the exercise of due diligence, has come to light or (3) a blatant error in the prior decision will, if uncorrected, result in a serious injustice. Id. at 67; United States v. Aramony, 166 F.3d 655, 662 (4th Cir.1999).

In the present case, the undersigned finds that Petitioner's second  and fifth ground for relief are barred by the mandate rule.

### a.  GROUND TWO- BRADY

Though couched as an ineffective assistance of counsel claim, Petitioner's second ground for relief is essentially the same one that has already been rejected by the trial court and the Fourth Circuit.  The prosecution disclosed, before trial, that the witness, Isaac Stewart, stated in 2013 that he had bought drugs from Wade "for at least two years, " prior to the interview.  At trial, the witness testified that he began purchasing drugs from Wade in "late 2007-early 2008."  Per Curiam, ECF No. 209 at 4.  Petitioner asserts that the testimony at trial placed him within a period of probation resulting in a two point enhancement.  Mot., ECF NO. 234 at 2. Petitioner further argues that had the government provided an accurate summary of this witness, the Petitioner may have

decided to plea. Id. The Fourth Circuit concluded that the prosecution neither withheld nor suppressed favorable evidence and affirmed the District Court's judgment on this issue. Per Curiam, ECF No. 209 at 4.

Consequently, because the mandate rule applies to Ground two of this Motion and because Petitioner has not alleged any exception to the mandate rule, Petitioner's second ground for relief is without merit and should be denied.

### b. GROUND FIVE- Government's comment during closing

Petitioner's fifth ground for relief, although couched as an ineffective assistance of counsel claim, is essentially the same one that has already been rejected by the trial court and the Fourth Circuit. During closing, the prosecution made the following comment, "that this case has basically everything an investigation would have, except what you often don't' have. And that's a confession." Per Curiam, ECF No. 209 at 2. The Fourth Circuit concluded after reviewing the record that "the prosecutor's remark on the lack of a confession neither was intended nor would naturally be taken as a comment on Wade's failure to testify." Id. Further, it held "that the district court did not abuse its discretion in denying Wade's motion for a mistrial based on these remarks." Id.

Consequently, because the mandate rule applies to Ground Five of this Motion and because Petitioner has not alleged any exception to the mandate rule, Petitioner's fifth ground for relief is without merit and should be denied.

### 2. GROUND ONE- failure to object to DEA Agent as summary witness

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to object to the Government's use of DEA

Special Agent Christopher Barbour as a summary witness.  ECF 234 at 2.  During cross

examination, Agent Barbour testified that his testimony was based on "evidence that I

have that the jury does not." Id.

The test for ineffective assistance of counsel is set forth in Strickland v.

Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's

performance was deficient." Id. Second, "the defendant must show that the deficient

performance prejudiced the defense." Id.

Defense Counsel's performance was not deficient nor did it prejudice Petitioner's

case.  Agent Barbour's testimony was offered by the government for many purposes not

just as a "summary" witness.  He authenticated shipping records and laid a foundation

for the intercepted telephone calls.  Tr. ,ECF No. 198  at 49.  He participated in and

explained the wiretap and how that data was retrieved and stored as evidence.  Id. at

44.  He further testified regarding the search of Diane Savages home, in which he

participated. Id. at 48.  The only summary testimony from Agent Barbour were his

conclusions that Mr. Wade was the person texting and calling Mrs. Savage in order to

get pills.  Id. at 76.

By cross examination, Defense counsel illustrated that fact to the jury; however,

when Ms. Savage took the stand, she confirmed that Mr. Wade was the person in those

texts and phone calls and that he was requesting pills. Id. 117-121.

> Q. And is it fair to say that 304-551-6332 is Mr. Wade's
> number, to your knowledge?
> A. Yes…
> Q. Let me ask you, during the times that you had text
> messages between Mr. Wade, or phone calls with him, what
> percentage of those phone calls or texts related to drugs? 80
> percent, 90 percent, whatever you can put on it.
> A. 100 percent.

Tr. ECF No. 198 at 118. Regardless of whether part of Agent Barbour's testimony was being used to "summarize" or merely to authenticate the text and phone calls taken from the wire tap, there was no prejudice to the Petitioner as Ms. Savage confirmed that information when she testified. Id.

Consequently, Petitioner's first ground for relief is without merit and should be denied.

### 3. GROUND THREE- failing to object to blatant witness tampering

Petitioner contends that he personally witnessed "all of the Government witnesses from his case in one room, being coached in their testimony and revising their stories together so they were all internally consistent." Mem., ECF No. 234 at 3. Petitioner alleges counsel was ineffective for failing to disclose and object to prosecutorial misconduct. Id.

"[R]eversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted).

In this case, the Petitioner was the only witness to this alleged prosecutorial misconduct. Petitioner does not assert specific remarks or conduct by the prosecution that he alleges was improper. Assistant United States Attorney Bernard told the jury during the trial that Ashlyn Allen had met with him about a week before the trial. ECF No. 198 at 259. Meetings with witnesses prior to trial are common place.

9

Petitioner further claims that Ashlyn Allen lied when she testified that she and Isaac Stewart did not discuss what would happen in the courtroom during the trial. ECF No. 234 at 3. He supported this allegation by stating that their testimony was consistent with each other. The Government refutes his assertion stating that their testimony did differ slightly.

In reviewing the transcripts of the trial, the Court finds that Isaac Stewart testified that he was unaware of the controlled buy until he got to the cemetery. Tr., ECF 198 at 226. Ashlyn Allen testified that she told Isaac she was going to do a controlled buy when they spoke on the telephone before the buy and then offered to go with her. Id. at 270. Additionally, as the government points out, Isaac indicated they had rekindled their relationship the week before trial but Ashlyn indicated that they were not dating and just rode together to court. Id. at 283. Therefore, Petitioner is incorrect in stating that the testimony of Ashlyn and Isaac were identical.

The undersigned finds that the government's conduct was not improper and that there was no prejudice caused by meeting with the witnesses. The jury was aware that Assistant United States Attorney Bernard met with Ashlyn Allen a week before the trial and that Isaac and Ashley rode together to the courthouse for the trial, and contrary to Petitioners assertion, their testimony was not entirely consistent. Further, despite being the only witness to the alleged witness tampering, he fails to identify any specific improper remarks by prosecution. Defense counsel's performance was not deficient and there was no prejudice.

Consequently, Petitioner's third ground for relief is without merit and should be denied.

### 4. GROUND FOUR- failing to move for sequestration of witnesses.

Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to move for the sequestration of witnesses.  ECF No. 279 at 12.  The Government contends that the court excluded witnesses from the courtroom in accordance with FRE 615.  Mem., ECF 279 at 12.  As indicated above, the jury was aware that witnesses had met with the government and that Ashley Allen and Isaac Stewart rode to court together.

Petitioner has not met his burden under the Strickland two-pronged test. While Petitioner argues that his counsel failed to move for sequestration of the witnesses, Petitioner has not shown that he was prejudiced by this alleged failure. Consequently, Petitioner is unable to meet the "prejudice" prong of the Strickland two-pronged test and Petitioner's fourth claim should be denied.

### 5. GROUND SIX- failing to move for acquittal of count one conspiracy

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to renew Wade's Rule 29 motion for judgement of acquittal as to the conspiracy charge.  ECF No 234 at 4.  The Government counters that Defense counsel did in fact renew her Motion.

Defense counsel did move for a directed verdict as to Count 1, the conspiracy count at the conclusion of the Government's case.  Tr., ECF 197 at 59.  The Court denied that motion stating "…a reasonable jury could find that Mr. Wade was, in fact— first, that a conspiracy existed and that Mr. Wade was part of it.  The repeated trips to Diane Savage's home, the fact that he was in contact with Ms. Savage about when drugs were coming and whether Ms. Savage had drugs…." Id.

On February 13, 2014, Defense counsel filed a renewed Motion for Judgment of

Acquittal and Motion for New Trial.  ECF NO. 163.  As grounds for acquittal, Defense

Counsel  stated that the Government witnesses who were co-defendants and other

purchasers were unreliable inasmuch as such testimony in direct examination was

elicited from persons who were persuaded by promises of leniency or other inducement

to assist the Government, and that there was insufficient evidence to sustain the

convictions.  Id. On March 21, 2016, District Judge Bailey denied Defendant's renewed

Motion for Judgement of Acquittal stating that "[t]he argument that the Government

witnesses were unreliable fails inasmuch as it was up to the jury to assess the credibility

of the witnesses."  Judge Bailey further found that,

> Counsel for defendant continually emphasized during the
> testimony of these various witnesses that such witnesses
> had cooperated with the Government and hoped to gain
> some benefit through their cooperation.  In fact, counsel for
> defendant, without objection by the Government introduced
> the actual plea agreement into evidence.  Defense counsel
> strenuously cross-examined each witness regarding criminal
> background, if any, as well as the details of the witnesses'
> cooperation and so-called benefits the witness hoped to
> receive through cooperation….  The jury also heard
> testimony from a number of other witnesses who had no
> motivation to cooperate or offer evidence against defendant
> in exchange for anything. These witnesses included a
> number of customers of defendant who were neither
> charged nor facing charges at the state or federal level.
> These witnesses (similar to the other witness) confirmed
> defendant's role in the conspiracy and his involvement in the
> distribution of oxycodone.  Moreover, the jury received audio
> and video evidence clearly demonstrating defendant's
> knowing participation in the distribution of oxycodone."

Order denying renewed motion for acquittal, ECF No. 178 at 4.

Petitioner has not met his burden under the Strickland two-pronged test. While

Petitioner argues that his counsel failed to renew Petitioner's Motion for Judgement on

Acquittal, it is clear from the record that defense counsel did file the motion and it was denied.  Consequently, Petitioner has failed to establish that defense counsel's performance was deficient under the Strickland test and Petitioner's sixth ground for relief should be denied.

6. **GROUND SEVEN- failing to advise Defendant of an "open guilty plea"**

Petitioner argues that defense counsel failed to advise him that he could plead guilty without a plea agreement and receive a reduced sentence for acceptance of responsibility.  ECF No. 234 at 5.  The Government argues that Petitioner's allegations are conclusory and lack factual support.  ECF No. 279 at 13. Further, Petitioner rejected all of the Government proffered plea agreements after review with his counsel, and there was no guarantee with or without a plea agreement that Petitioner would have gotten a reduction for acceptance of responsibility.  Id.

There is no guarantee, even with a plea agreement, that Petitioner would have received a two-level reduction for "acceptance of responsibility", as provided by Guideline 3E1.1.  The Court is not bound by any sentencing recommendations and without a plea agreement or Petitioner's cooperation, it is speculative at best as to whether the probation office would have recommended the reduction whether the Government would have opposed such a recommendation, and/or whether the Court would have accepted or rejected a recommended reduction.

Petitioner has not met his burden under the Strickland two-pronged test. While Petitioner asserts that his counsel failed to advise him that he could plead guilty without a plea agreement and receive a reduced sentence for acceptance of responsibility,

13

Petitioner has not demonstrated that he would have, in fact, plead guilty without a plea agreement whether he received the reduced sentence or not. What is clear from Petitioner's motion is that the only reason he would have plead guilty without the benefit of the plea agreement was so that he could get a reduced sentence.

Accordingly, it is speculative as to whether any reduction would have been given had Petitioner plead guilty without a plea agreement and it equally speculative whether Petitioner would have plead guilty without a plea agreement and no guarantee of a reduced sentence. Consequently, Petitioner is unable to meet the "prejudice" prong of the Strickland two-pronged test and Petitioner's seventh ground for relief should be denied.

### 7. **GROUND EIGHT- failing to move to suppress an untimely phone tap**

Petitioner alleges that defense counsel was ineffective for failing to move to suppress an untimely wiretap. ECF NO. 234 at 5. Petitioner provides no support for his allegations. The Government responds that the investigators sought and received a State Title III wiretap order from Judge Clawges in Morgantown. ECF 279 at 14.

In reviewing the record, the court finds that West Virginia Circuit Court Judge Clawges in Morgantown reviewed the wiretap application, approved it and issued the order authorizing it. Tr. Barbour, ECF No. 198 at 38. There is no evidence that the wiretap was not valid or was untimely. In fact, Agent Barbour testified to the contrary.

Consequently, Defense counsel's performance was not deficient under the Strickland test and there was no prejudice. Petitioner's eighth ground for relief is without merit and should be denied.

8. **GROUND NINE- failing to investigate defense witnesses, present defense, and subject Government's case to any adversarial testing**

Petitioner makes a broad assertion that Defense counsel failed to investigate defense witnesses and present evidence. ECF No. 234. The Government argues that Petitioner gives no substance to his argument and that whether to call witnesses is a strategic trial decision. ECF No. 279 at 14.

Claims of ineffective assistance of counsel for failure to investigate are analyzed in light of all circumstances, and while counsel "could well have made a more thorough investigation than he did . . . [n]evertheless, in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 446 U.S. 648, 665 n.38 (1984)). In reviewing the deficient prong in claims of ineffective assistance of counsel, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. 668, 689-90 (1984). Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. Id. at 690-91.

The decision whether to call a defense witness is "a 'strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford…enormous deference.'" United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (citing United States v. Kozinski, 16 F.3d 795, 813 (7th Cir. 1994)). In doing so, the court "'must indulge a strong presumption … that, under the circumstances, the challenged action might be considered sound trial strategy.'" Id.

In reviewing the record, it appears that defense counsel made the strategic decision not to call witnesses but instead vigorously cross examined and re-crossed the government's witnesses. Petitioner makes no specific allegations regarding steps that Defense counsel could have taken to further investigate. In addition, Petitioner does not list who Defense counsel should have contacted to be witness on his behalf.

There was testimony from witnesses and audio and video evidence that clearly demonstrated Defendant's knowing participation in the distribution of oxycodone. Tr. ECF No. 198 & 197. Defense counsel cross-examined the prosecution witnesses to challenge their credibility. Defendant chose not to testify on his behalf and did not identify any defense witnessed who should have been called at trial. After a review of the record, the undersigned finds Defense counsel's performance was not deficient under the Strickland test and there was no prejudice. Petitioner's ninth ground for relief is without merit and should be denied.

## IV. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 234] be **DENIED**. I further **RECOMMEND** that the § 2255 proceeding be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this

recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

ENTER: August 24, 2016

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE